FILED
SUPERIOR COURT
OF GUAM

2024 JAN -4 PM 4: 20

CLERK OF COURT
BY:

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBERT SALAS,<br><br>Plaintiff,<br><br>vs.<br><br>ANA C. CRUZ, ET AL.,<br><br>Defendants. | CIVIL CASE NO. CV0456-22<br><br>**DECISION AND ORDER DENYING<br>MOTION FOR SUMMARY JUDGMENT** |

The Court here considers whether Plaintiff Robert Salas qualifies, as a matter of law, as an innocent encroaching party under the relative hardship doctrine. Finding that there remain issues of fact on this issue, the Court DENIES Salas' Motion for Summary Judgment.

## I.  UNDISPUTED FACTS AND PROCEDURAL BACKGROUND

Based on the record before the Court, the Court finds the following facts to be undisputed:

1.     In 2020, Salas acquired Lot 265-INEW-R3, Asan, Guam ("Lot 265"). Decl. Robert Salas ("Salas Decl."), Ex. 1 (Sept. 15, 2023).

2.     Lot 265 adjoins another parcel of real property described as Lot 266-1, Asan, Guam ("Lot 266-1"). Salas Decl., Ex. 2.

3.     When Salas acquired his interest in Lot 265, a two-story concrete building already existed on the property.

4.     The building on Lot 265 encroaches onto Lot 266-1.

5.     Salas concedes that the deed he signed referenced a map that showed the encroachment. Min. Entry at 10:12:13 (Nov. 16, 2023).

ORIGINAL

6.      The concrete building pre-existed Salas' purchase. Salas Decl. ¶ 4. The building on Lot 265 had been constructed and used as housing for military members. Salas Decl. ¶ 6. The federal government had returned the former military housing area, including Lot 265, to the Government of Guam which, in turn, gave the real property to the heirs of its original owners. Salas Decl., Ex. 3.

Salas filed this lawsuit against the successors in interest of the late Asuncion Concepcion Cruz and the owners of Lot 266-1. Compl. Declaratory J. (Aug. 29, 2022). He seeks a declaration that is the owner of, or holds an interest in, the encroached-upon portion of Lot 266-1, upon payment of the fair market value of such property to Defendants. *Id*. at 4. He moves for summary judgment on his Complaint for a Declaratory Judgment. Defendant Edward G. Perez, as Executor of the Estate of Rosa C. Perez, opposes Salas' motion.

## II.    LAW AND DISCUSSION

The Court may grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. GRCP 56(a). All reasonable inferences must be drawn in the opposing party's favor both where the underlying facts are undisputed (e.g., background or contextual matters) and where they are in controversy. *Ukau v. Wang*, 2016 Guam 26 ¶ 73. At the summary judgment stage, the nonmovant's version of any disputed issue of fact is presumed correct. *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. 451, 456 (1992).

In cases involving the removal of encroaching structures, courts apply a three-part test, otherwise known as the relative hardship doctrine. First, the encroaching party must be innocent. *Ma v. Mt. Son, LLC*, 2023 WL 2008443 (Cal. Ct. App.). Second, "unless the rights of the public would be harmed, the court should grant the injunction if the plaintiff 'will suffer irreparable

ORIGINAL


injury . . . regardless of the injury to defendant.'" *Barry v. Block*, 2008 WL 3586935 at *5 (Cal. Ct. App.). Third, the hardship to the encroacher must be greatly disproportionate to the hardship caused to the other party by the continuance of the encroachment. *Id.* The parties here agree that the doctrine of relative hardship governs the Court's analysis. Moreover, as Perez offered no discussion on the second and third prongs of the relative hardship test, the Court focuses on the first prong.

For a party to be innocent under the doctrine of relative hardship, the encroachment must not be the result of the encroaching party's willfulness or even negligence. *Christensen v. Tucker*, 250 P.2d 660, 665 (Cal. Dist. Ct. App. 1952). Doubtful cases should be decided in favor of the non-encroaching party. *Id.*

Salas claims that he stands innocent because he did not cause the initial encroachment and because he did not have constructive notice of the encroachment. On Salas' first point, contrary to his representation, his status as a successor to the original encroacher does not automatically qualify him as innocent. Innocence depends on one's intent and state of mind. *Barry,* 2008 WL 3586935 at #6; *Ma*, 2023 WL 2008443 at *8 (the encroaching party's innocent intent is "paramount"). *Barry* specifically rejected a test that focused on the intent of the party who constructed the encroachments, instead adopting language in *Christensen* and *Hirschfield v. Schwartz*, 110 Cal. Rptr. 2d 861 (Ct. App. 2001), that focused on a party's state of mind.

In addressing a party's innocence, Courts have also reviewed the documentation available to the party at the time they purchased the property. For example, where a party is given a map of the property with accurate landmarks but inaccurate property lines and the grant deed itself also references said map the Court has found the encroaching party innocent. *Sprankles v. Sullivan*, 2020 WL 4875429 (Cal. Ct. App. Aug. 18, 2020). Also, in *Romero v. Shih*, 293 Cal.



Rptr. 3d 477, 502 (Ct. App. 2022), *review granted*, 514 P.3d 233 (Cal. 2022), to determine the buyers' innocence, the court considered evidence of efforts made by the buyers to review surveys, easements, encroachments or boundary disputes.

*Sprankles* and *Romero* both concluded that the purchasers of encroaching properties were innocent. But it was not their status as purchasers that qualified them as innocent. Rather, in determining innocence, the courts examined the buyers' actions in the course of the transaction, and whether their actions were negligent or willful.

Here, Salas concedes that the deed he signed referenced a map that shows the encroachment. Looking at this undisputed fact in a light favorable to the non-movant, the Court cannot conclude as a matter of law that Salas is innocent. The map, had Salas seen it, indicates that an encroachment existed. While Salas did not cause the encroachment, there is still a question of fact whether he is innocent in his encroachment.

## III.   CONCLUSION

As there is still a question of fact as to Salas' innocence, his Motion for Summary Judgment is DENIED.

This matter shall proceed to trial as scheduled.

**SO ORDERED** this 4 January 2024.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Mitchell F. Thompson, Esq., Thompson Thompson & Alcantara, P.C. for Plaintiff Robert Salas
Jeffrey A. Cook, Esq., Cunliffe & Cook for Defendant Edward G. Perez



ORIGINAL